Faili v.Lynch

BIA
Laforest IJ
A098 977 380
A098 977 381

# UNITED STATES COURT OF APPEALS
## FOR THE SECOND CIRCUIT

## <u>SUMMARY ORDER</u>

RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING TO A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 18th day of December, two thousand fifteen.

PRESENT:
>        DENNIS JACOBS,
>        PETER W. HALL,
>        SUSAN L. CARNEY,
>            *Circuit Judges.*

_____

HOJATOLLAH FAILI, KADRINUR SEVAL FAILI,
>        *Petitioners,*

>        v.                                          13-3349
>                                                     NAC

LORETTA E. LYNCH, UNITED STATES ATTORNEY GENERAL,
>        *Respondent.*

_____

**FOR PETITIONER:**                 Joshua E. Bardavid, New York, New York.

**FOR RESPONDENT:**     Stuart F. Delery, Assistant Attorney General; Anthony C. Payne, Senior Litigation Counsel; Liza S. Murcia, Attorney, Office of Immigration Litigation, Washington, D.C.

UPON DUE CONSIDERATION of this petition for review of a Board of Immigration Appeals ("BIA") decision, it is hereby ORDERED, ADJUDGED, AND DECREED that the petition for review is DENIED.

Petitioners Hojatollah Faili, a native of Iran and citizen of Iran and Turkey, and his wife, Kadrinur Seval Faili, a native and citizen of Turkey, seek review of an August 12, 2013, decision of the BIA affirming a September 14, 2011, decision of an Immigration Judge ("IJ") denying Petitioners' applications for asylum, withholding of removal, and relief under the Convention Against Torture ("CAT").  *In re Hojatollah Faili, Kadrinur Seval Faili,* Nos. A098 977 380/381 (B.I.A. Aug. 12, 2013), *aff'g* Nos. A098 977 380/381 (Immig. Ct. N.Y. City Sept. 14, 2011).  We assume the parties' familiarity with the underlying facts and procedural history in this case.

Petitioners do not challenge the agency's denial of asylum or withholding of removal.  Accordingly, the only portion of

2

the agency's decision that is before this Court is the denial of deferral of removal to Turkey under the CAT. *See Yueqing Zhang v. Gonzales*, 426 F.3d 540, 542 n.1, 546 n.7 (2d Cir. 2005). Petitioners stated two bases for deferral of removal to Turkey: a fear of torture by the Iranian government because Mr. Faili had cooperated with the DEA, and a fear of torture by drug smugglers that Mr. Faili helped convict.

Petitioners have not exhausted this claim to the extent that they allege a fear of torture in Turkey at the hands of the Iranian government. Petitioners must raise specific issues with the BIA before raising them in this Court. *See Foster v. INS*, 376 F.3d 75, 77-78 (2d Cir. 2004). Issue exhaustion is mandatory where, as here, the Government points out that the issue was not properly raised below. *Lin Zhong v. U.S. Dep't of Justice*, 480 F.3d 104, 107 n.1 (2d Cir. 2007). Petitioners failed to exhaust this particular CAT claim before the BIA. Their brief stated only that "these individuals that were arrested are very dangerous and have strong ties to the government of Turkey, as well as Iran," and did not argue that the Iranian government would reach them in Turkey and torture

3

them.  Accordingly, we decline to consider this basis for CAT deferral and address the merits of the claim only as to Petitioners' fear of drug smugglers.

As an initial matter, the BIA's decision is far from clear as to CAT deferral.  Although the BIA acknowledged that a CAT claim was raised and that Mr. Faili was granted deferral of removal to Iran, it did not mention CAT relief with respect to Turkey.  Thus the BIA may have overlooked this claim.  Nevertheless, remand would be futile because the BIA affirmed the IJ's adverse credibility determination, which is dispositive of the CAT claim.  *Xiao Ji Chen v. U.S. Dep't of Justice*, 471 F.3d 315, 338 (2d Cir. 2006).

Deferral of removal under the CAT is a mandatory form of relief that requires the applicant to show that he would more likely than not be tortured in the proposed country of removal. 8 C.F.R. §§ 1208.16(c), 1208.17; *Khouzam v. Ashcroft*, 361 F.3d 161, 168 (2d Cir. 2004).  Not all harm rises to the level of torture; rather, it is an "'extreme form of cruel and inhuman treatment and does not include lesser forms of cruel, inhuman or degrading treatment or punishment that do not amount to

4

torture.'" *San Chung Jo v. Gonzales*, 458 F.3d 104, 109 (2d Cir. 2006) (quoting 8 C.F.R. § 1208.18(a)(2)). Torture also requires that "government officials know of or remain willfully blind to an act and thereafter breach their legal responsibility to prevent it." *Khouzam*, 361 F.3d at 171.

The IJ denied deferral of removal to Turkey for two reasons: the adverse credibility finding and lack of evidence that the Turkish government would acquiesce to any torture. Petitioners do not challenge the adverse credibility determination and it stands as a valid basis for the denial of CAT relief. *Yueqing Zhang*, 426 F.3d at 542 n.1, 546 n.7; *Shunfu Li v. Mukasey*, 529 F.3d 141, 146-47 (2d Cir. 2008) (concluding that unchallenged credibility findings stand as valid basis for the determination). "[A] petition for CAT relief may fail because of an adverse credibility ruling rendered in the asylum context where the factual basis for the alien's CAT claim was the same as that rejected in his asylum petition." *Paul v. Gonzales*, 444 F.3d 148, 157 (2d Cir. 2009).

The Faili's contend that their CAT claim can be established independently of the credibility determination because of the

5

objective evidence that Mr. Faili was a DEA informant. This objective evidence does not overcome the credibility problems relating to their alleged fear of drug smugglers. Mr. Faili was found not credible with respect to a number of facts involving his work with the DEA and alleged fear of harm in Turkey on that basis. Mr. Faili and the DEA agents gave conflicting testimony about the number of threats that Mr. Faili received and reported, and about who threatened him. Mr. Faili claims that a Turkish newspaper article revealed his status as an informant; but he failed to corroborate that claim by a copy of the article or by evidence that he tried to locate it. Mr. Faili said one of the DEA agents "definitely" saw the article, but that agent could not recall it. And Mrs. Faili was evasive when asked about her father's testimony that "there is nothing to fear in Turkey." First she said her father must have misunderstood, then she said she disagreed with him without explaining why her view should be credited. Because the agency's adverse credibility determination relates to the facts and circumstances underlying the CAT claim, specifically whether the alleged fear was credible, Mr. Faili's status as

a DEA informant does not alone warrant CAT deferral. *See Paul*, 444 F.3d at 157.

Moreover, as the IJ also found, Petitioners otherwise failed to establish that they would be tortured "at the instigation of, or with the consent and acquiescence of a public official." 8 C.F.R. § 1208.18(a). One DEA agent testified that the Turkish police increased patrols around Mr. Faili's residence in response to his report of a threatening phone call from his sister-in-law. The Failis have offered no evidence to support their speculation have offered no evidence to support their speculation that the Turkish government will no longer offer them protection because Mr. Faili is no longer a DEA informant. *Mu Xiang Lin v. U.S. Dep't of Justice*, 432 F.3d 156, 160 (2d Cir. 2005) (denying CAT relief because petitioner offered "no additional particularized evidence"); *Mu-Xing Wang v. Ashcroft*, 320 F.3d 130, 144 (2d Cir. 2003) (denying CAT relief where petitioner "in no way established that someone in his particular alleged circumstances is *more likely than not* to be tortured" (emphasis in original)).

7

For the foregoing reasons, the petition for review is DENIED. As we have completed our review, any stay of removal that the Court previously granted in this petition is VACATED, and any pending motion for a stay of removal in this petition is DISMISSED as moot. Any pending request for oral argument in this petition is DENIED in accordance with Federal Rule of Appellate Procedure 34(a)(2), and Second Circuit Local Rule 34.1(b).

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk